UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RONALD LAMPITOK, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | CAUSE NO. 3:18-CV-098-JD-MGG |
| WARDEN, | ) ) ) | |
| Respondent. | ) ) | |

## OPINION AND ORDER

Ronald Lampitok, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 17-05-30) where a Disciplinary Hearing Officer (DHO) found him guilty of possession or use of a controlled substance in violation of Indiana Department of Correction (IDOC) Policy B-202. ECF 1 at 1. As a result, Lampitok was sanctioned with the loss of 60 days earned credit time and demoted in credit class (a suspended sanction in case ISP 17-04-248). ECF 1 at 1, 10-8 at 1. The Warden has filed the administrative record and Lampitok filed a traverse. Thus, this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder

of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition, Lampitok asserts only one ground which he claims entitles him to habeas corpus relief. Specifically, he argues the DHO did not have sufficient evidence to find him guilty. ECF 1 at 2-3. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

Here, Lampitok was found guilty of violating IDOC offense B-202 which prohibits inmates from "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. On July 26, 2016, the IDOC issued Executive Directive # 16-40, which revised Appendix I-Offenses of Policy and Administrative Procedure 02-04-101, "The Disciplinary Code for Adult Offenders." ECF 10-14 at 1. Specifically, Executive Directive # 16-40 redefined offense B-202 to include: "possession/use of a synthetic drug, or drug lookalike." *Id*. Furthermore, Indiana State law prohibits possession of any synthetic or lookalike drug. Ind. Code § 35-48-4-11.5.

The Conduct Report charged Lampitok as follows:

> On 4-29-17 at approximately 12:10 pm, as I, ofc. A. Meiss, was shaking down CW-218, which is housed by offender Lampitok DOC #128152, I found a small yellow piece of paper with a green leafy substance wrapped in it and a small white piece of paper with a red leafy substance wrapped in it. The items were confiscated and sent to IA. This conduct report stands as written.

ECF 10-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Lampitok guilty of possession or use of a controlled substance in violation of offense B-202. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report,

3

Officer Meiss detailed his discovery of a small yellow piece of paper containing a green leafy substance and a small white piece of paper containing a red leafy substance during a shakedown of Lampitok's cell.  ECF 10-1 at 1, 10-3 at 1.  The two leafy substances were found on Lampitok's cabinet underneath his television.  ECF 10-7 at 1.  Officer McDowell provided a statement memorializing the fact he assisted Officer Meiss with the cell shakedown and observed Officer Meiss confiscate two pieces of paper with leafy substances wrapped in them.  ECF 10-2 at 1.  Subsequent field testing of the substances indicated they were "look-a-like" substances, rather than controlled substances.  ECF 10-4 at 1.  Photographic evidence further corroborated the fact that the substances found in Lampitok's cell were "look-a-like" substances.  ECF 10-3 at 2-3.  The DHO determined the green and red leafy substances met the definition of "look-a-like" substances as defined in the Indiana Code.  *See* Ind. Code § 35-48-4-4.5.  ECF 10-8 at 1.  In reaching this conclusion, the DHO appropriately considered the "look-a-like" substances themselves, test results, and photographic evidence.  In light of this record evidence, there was more than "some evidence" for the DHO to find Lampitok guilty of violating offense B-202.

Nevertheless, Lampitok asserts the evidence was insufficient to support the guilty finding because the conduct report did not indicate what illegal substances the green and red leafy substances were meant to imitate.  ECF 1 at 2.  However, neither offense B-202 nor case law mandates that the DHO specify or identify the illegal drug a "look-a-like" substance appears to imitate.  And here, the record evidence adequately

4

supports the DHO's conclusion that the leafy substances imitated illegal drugs. For example, an email described the tested substances as being "packaged as a look-a-like substance." ECF 10-4 at 1. Additional evidence in the record shows that two other items were found with the leafy substances—two pieces of tissue, which were twisted up and slightly burnt at one end, making the tissue appear to be marijuana cigarettes or joints. ECF 10-3 at 2-3. Thus, the evidence established that the leafy substances were meant to mimic marijuana, one of the most ubiquitous controlled substances in our culture. National Institute on Drug Abuse, https://www.drugabuse.gov/publications/drugfacts/marijuana (last visited November 17, 2018). Furthermore and notably, Lampitok does not dispute that he possessed the "look-a-like" substances that appeared to be illegal drugs. Because the green and red leafy substances looked like and were consistent with marijuana, it was neither arbitrary nor unreasonable for the DHO to find Lampitok guilty. Therefore, the sole ground Lampitok asserts in his petition does not identify a basis for habeas corpus relief. *See Hall v. Superintendent*, No. 3:14-CV-1929, 2015 WL 5081409, at *1 (N.D. Ind. Aug. 27, 2015) (denying petition where offender possessed a green, leafy substance that looked like an illegal drug).

If Lampitok wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Ronald Lampitok's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on November 19, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT